RECEIVED
IN LAKE CHARLES, LA

JAN 2 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY GREEN** | : | **DOCKET NO. 2:04 CV 0819** |
| VS. | : | JUDGE MINALDI |
| **WILLIAM E. TILLEY, DISTRICT ATTORNEY AND HIS INSURER, ET AL.** | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment [doc. 42] filed by the defendants, John S. Craft, Sheriff of Vernon Parish, Louisiana and Danny Hunt, individually and as Deputy Sheriff of Vernon Parish, Louisiana. The plaintiff has not filed an opposition.

Facts

The facts, which are deemed admitted by the plaintiff[1], are as follows:

John S. Craft is the Sheriff of Vernon Parish. He has been Sheriff since July 1, 2000.

Danny Hunt has been a Deputy Sheriff of Vernon Parish since May 1, 1997.

---

[1] See Statement on Uncontested Facts, Affidavit by Sheriff Craft and Affidavit by Deputy Hunt attached to the Motion for Summary Judgment. Any facts set forth on a motion for summary judgment are deemed admitted unless controverted by the opposing party's own statement of facts. Fed.R. Civ. P. 8(d); *Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd.* 650 F.2d 633, 636 (C.A.Fla., 1981).

On the morning of August 30, 2002, Sheriff Craft was in his office complex at 100 East Courthouse Street, Leesville, Louisiana, when Gladys Daniel and her brother, Adrian Daniel, came to see him about a complaint concerning Larry Green. As Sheriff Craft was visiting with Gladys Daniel and Adrian Daniel, Deputy Hunt joined the conversation. Sheriff Craft asked Deputy Hunt if he knew the Daniels and Deputy Hunt said that he did. Sheriff Craft then asked Deputy Hunt if he would assist Ms. Daniel with a complaint that she wished to file. Sheriff Craft then left.

Deputy Hunt took the Daniels to a table in the book-in area of the Sheriff's office and asked Ms. Daniel to tell him about her complaint. Ms. Daniel complained that she was at her residence, 339 Stanton Road, New Lllano, Louisiana, on March 25, 2002, when Larry Green appeared in her yard. Mr. Green asked Ms. Daniel about purchasing a vehicle on her premises. In the course of the conversation, Mr. Green offered to replace the headgasket on Ms. Daniel's Dodge Spirit. This work was to be done in exchange for Ms. Daniel paying for parts. Ms. Daniels alleged that part of this agreement was that Mr. Green would return the Dodge the next Wednesday. This agreement was not reduced to writing. Mr. Green did not return Ms. Daniel's Dodge Spirit the next Wednesday. Ms. Daniel asked for the return of the Dodge repeatedly and was told each time that Mr. Green would return it "Wednesday."

In addition to Ms. Daniel's Dodge Spirt, she owned a Mercury Marquis that Mr. Green indicated an interest in acquiring. A third car was also located on her property. That car was owned by her brother and sister-in-law. Mr. Green also sought to acquire that vehicle. Mr. Green then, presumably with Ms. Daniel's permission removed all three cars from Ms. Daniel's property.

Ms. Daniel's son told her that he had seen her Mercury in a trailer park on August 28, 2002. Ms. Daniel did not think the car was being driven, but she became concerned when her niece told

her that the Mercury was being driven by Mr. Green's mechanic. On August 30, 2002, Mr. Green's mechanic told Ms. Daniel that Mr. Green had sold him the vehicle.

Ms. Daniel again contacted Mr. Green and asked for the return of the Dodge. The Dodge was not returned.

Deputy Hunt advised Ms. Daniel that she should write out her complaint on the Sheriff Department's VOLUNTARY STATEMENT (NOT UNDER ARREST) FORM. She did so on August 30, 2002, and Deputy Hunt signed as a witness. Deputy Hunt explained to Ms. Daniel that the VOLUNTARY STATEMENT (NOT UNDER ARREST) FORM would be processed internally within the Sheriff's Office with the Offense Report Work Sheet which he would prepare in conjunction with her report. He advised her that she could pick up a copy of her statement no less than three days later. She could then take the form to the Office of the Clerk of Leesville City Court and swear an affidavit to support a warrant for Larry Green's arrest. Deputy Hunt advised Ms. Daniel that an arrest warrant would be issued if the appropriate Judge or Magistrate felt that the affidavit was sufficient to support such a warrant.

Deputy Hunt completed an Offense Report Work Sheet and submitted it with Ms. Daniel's VOLUNTARY STATEMENT (NOT UNDER ARREST) FORM for internal processing by the Vernon Parish Sheriff's Department's Criminal Division. After submitting this paperwork, Deputy Hunt took no further action on this complaint. Deputy Hunt had no further contact with Gladys Daniel, Adrian Daniel or Larry Green.

Deputy Hunt was not involved in preparing the affidavit in support of the arrest warrant, with issuance of the arrest warrant, or with the Clerk or Deputy Clerk of Court of the Leesville City Court before whom Gladys Daniels appeared to execute the affidavit required for the issuance of the arrest

warrant. Neither Deputy Hunt nor Sheriff Craft had any interaction with Leesville City Judge Chris Smith, III who issued the arrest warrant.

Sheriff Craft and Deputy Hunt stated that they did not act with any malice or ill will toward Larry Green at any time. Nor did they have any intent to deprive Larry Green of any rights and/or privileges guaranteed to him under the Constitution and/or laws of the United States or the State of Louisiana.

At all times pertinent to this complaint, Deputy Hunt asserts that he was performing his duties as a Deputy Sheriff of Vernon Parish "in the fashion to which he had become accustomed while exercising his discretion."[2]

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with

---

[2] Statement of Undisputed Facts p. 5, ¶17.

affidavits, that demonstrate the absence of a genuine issue of material fact.[3] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

### Law and Analysis

The plaintiff, Larry Green, is alleging violations of 42 U.S.C. §1985-(3) which states:

"(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of

---

[3] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

42 U.S.C.A. § 1985 (3).

The plaintiff alleges two conspiracies. Green alleges that the first conspiracy took place on August 30, 2002, when Gladys Daniels, Adrian Daniels and Leroy Oram conspired to deprive the plaintiff of rights guaranteed under the 5th, 13th and 14th Amendments to the United States Constitution. The second conspiracy allegedly occurred when, without an investigation into the veracity of the allegation made by Gladys Daniels, Deputy Hunt issued a warrant for the plaintiff's arrest.[4]

It is clear from the complaint that Mr. Green is alleging liability[5] against Sheriff Craft based upon *respondeat superior*. It is well-settled that the principle of *respondeat superior* is inapplicable

---

[4] See p. 2 of "Response to the Answers of William E Tilley and Terry Lambright of the Vernon Parish District Attorneys Office" [doc. 18] The facts of this case establish, however, that Deputy Hunt did not issue the arrest warrant in this case. See Ex.B Affidavit of Hunt and Arrest Warrant attached to Motion for Summary Judgment.

[5] Although the complaint mentions that Sheriff Craft and Deputy Hunt are liable individually and in their official capacities, no facts have been pleaded which would support a finding of personal liability as both were acting in their official capacities at the time of the alleged incidents.

in civil rights actions. *Ammlung v. City of Chester*, 494 F.2d 811, 814 (C.A.Pa. 1974); *DiMaggio v. O'Brien*, 497 F.Supp. 870, 876 (E.D.Pa.1980) (holding "the Monell analysis that liability under § 1983 cannot be predicated on respondeat superior applies with equal force to § 1985." (citations omitted)) ; *Altieri v. Pennsylvania State Police,* No. 98-5495, 2000 WL 427272, at *17 (E.D.Pa. Apr.19, 2000) (holding that a City Police Department, Police Sergeant and Police Officer, who were sued in their official capacities, "cannot be liable on a respondeat superior theory under §1985..." (citations omitted)); *Simril v. Township of Warwick*, 2001 WL 910947, *2 (E.D.Pa.) (E.D.Pa.,2001). Sheriff Craft's and Deputy Hunt's affidavits state that Sheriff Craft was not personally involved in either of the acts which allegedly resulted in a constitutional deprivation. Therefore, Sheriff Craft is entitled to summary judgment on the §1985 claim.

In their answers, both Sheriff Craft and Deputy Hunt pleaded qualified immunity. In order to establish a claim for conspiracy under civil rights statute 42 U.S.C. § 1985(3), the plaintiff must prove: (1) conspiracy involving two or more persons; (2) a deprivation, directly or indirectly, affecting a person or class of persons entitled to equal protection of the laws; (3) an act in furtherance of conspiracy; and (4) such act causes injury to person or property, or deprivation of any right or privilege of a citizen of the United States. [6]

The facts, examined in a light most favorable to the plaintiff, do not amount to a claim of racial discrimination or civil rights conspiracy under 42 U.S.C. § 1985(3). The plaintiff asserts that the conspiracy required under the first step of the four-part test results from the fact that he is black and the other parties are white. Mr. Green has not introduced competent summary judgment evidence to support his conspiracy allegation. Mr. Green does not introduce evidence of racial

---

[6] *Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 839 (6th Cir.1994).

animosity towards African-Americans within the Sheriff's Department at the time of the incident; no evidence has been provided by the plaintiff that cites or supports a particular conspiracy between two or more persons geared at African-Americans in general. The plaintiff has provided no specific or circumstantial evidence to show a conspiracy between Deputy Hunt, Sheriff Craft and any other party to deprive African-Americans of equal protection. Because there is no conspiracy, the first element of a § 1985(3) action has not been met. Therefore an analysis of the remaining elements of the test is not necessary. Accordingly, Deputy Hunt and Sheriff Craft are entitled to qualified immunity as to this 42 U.S.C. § 1985(3) claim.

The plaintiff also alleges state law claims of false arrest, false imprisonment, malicious prosecution, aggravated kidnaping, and deprivation of bond money and/or wages.

To prove false arrest, the plaintiff must prove that the arrest was unlawful and that it resulted in injury. To prove false imprisonment, the plaintiff has to prove that the defendant acted with the intention of confining, that the defendant's acts directly or indirectly resulted in such confinement, that the confinement was unlawful, that the plaintiff was conscious of the confinement or was actually harmed by it.[7] The evidence shows that Sheriff Craft referred Ms. Daniels to Deputy Hunt so that he could take her complaint. Deputy Hunt filed a report on her behalf, but the arrest warrant was issued in City Court and was authorized by Leesville City Judge Chris Smith, III. There is no evidence in the record that the report prepared by Deputy Hunt was any part of the proceedings which resulted in the issuance of the arrest warrant. There is no competent summary judgment evidence of false arrest or false imprisonment.

---

[7] *Saucier v. Players Lake Charles, LLC*, 9901196 (La.App. 3 Cir. 12/22/99), 712 So.2d 312.

8

Since the plaintiff was validly arrested pursuant to a properly issued arrest warrant, he has no cause of action for loss of money for bonding out of jail or for loss of wages resulting from the arrest.[8]

The plaintiff has also alleged defamation. A plaintiff in a defamation case must prove all of the following elements by a preponderance of the evidence to prevail: defamatory words, publication, falsity, malice, and resulting injury.[9] Mr. Green has introduced no competent summary judgment evidence of defamatory words by these defendants, nor publication by these defendants. Both Sheriff Craft and Deputy Hunt testified that they acted without malice and there has been no competent summary judgment evidence to controvert these assertions.

Accordingly, for the reasons stated herein, the defendants' motion for summary judgment will be granted and the plaintiff's suit against these two defendants will be dismissed with prejudice.

Lake Charles, Louisiana, this 23 day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[8] *See Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

[9] *Sommer v. State, Dep't of Transp. and Dev.*, 97-1929 (La.App. 4 Cir. 3/29/00), 758 So.2d 923, *writ denied,* 00-1759 (La.10/27/00), 772 So.2d 122.